
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JOAN M. ROGOTZKE, | ) | CIV. 09-5022-RHB |
| Plaintiff, | ) | |
| vs. | ) | |
| WESTERN HEALTH, INC.; HIGH PLAINS PHYSICAL THERAPY ASSOCIATES, INC.; BLACK HILLS ORTHOPEDIC & SPINE CENTER, P.C.; NEUROSURGICAL & SPINAL SURGERY ASSOCIATES, P.C.; MEDICAL ASSOCIATES CLINIC, LLP; RAPID CITY REGIONAL HOSPITAL, INC.; RAPID CITY MEDICAL CENTER, LLP; LECY CHIROPRACTIC, P.C.; BLACK HILLS CHRONIC SPINE PAIN CENTRE, INC.; RADIOLOGY ASSOCIATES, PROF. LLC; WEST RIVER ANESTHESIOLOGY CONSULTANTS, P.C.; EMPI, INC.; A.A.A. COLLECTIONS, INC.; PINNACLE FINANCIAL GROUP INCORPORATED; and CREDICO, INC., d/b/a CREDIT COLLECTIONS BUREAU, | ) | ORDER DENYING MOTION FOR REMAND AND TRANSFERRING CASE TO THE CENTRAL DIVISION |
| Defendants. | | |

In January of 2009, plaintiff commenced this action in state court seeking a declaratory judgment extinguishing defendants' collection claims. Defendant, Western

Health, Inc. (Western Health), removed the action on February 25, 2009. On March 25, 2009, plaintiff filed this motion to remand the matter to state court. The matter is now ripe for disposition.

## BACKGROUND

Plaintiff was injured in an automobile accident on July 11, 2004. Complaint, ¶ 2. As a result of her injuries, plaintiff sought treatment from Dr. Jeffrey Buckau (Dr. Buckau). Complaint, ¶ 4. In conjunction with Dr. Buckau's care, plaintiff received treatment at High Plains Physical Therapy Associates, Inc. (High Plains), Black Hills Orthopedic & Spine Center, P.C. (BHOSC), Neurosurgical & Spinal Surgery Associates, P.C. (NSSA), Medical Associates Clinic, LLP (Medical Associates), Rapid City Regional Hospital, Inc. (RCRH), Rapid City Medical Center, LLP (RCMC), Lecy Chiropractic, P.C. (Lecy), Black Hills Chronic Spine Centre, Inc. (BHCSPC), Radiology Associates, Prof. L.L.C. (Radiology Associates), West River Anesthesiology Consultants, P.C. (WRAC), and EMPI, Inc. (EMPI). Complaint, ¶ 6-16.

At the time of the accident, plaintiff was insured by Western Health. Complaint, ¶17. Plaintiff, however was responsible for payment of portions of the fees for her care and treatment. Upon plaintiff's failure to pay these amounts due, BOSC, NSSA, RCRH, RCMC, and Radiology Associates each turned over its claims to Credico, Inc., d/b/a Credit Collections Bureau (Credico) for collection. Complaint, ¶ 7, 8, 10, 11, 14.

2

Likewise, WRAC turned its claim over to A.A.A. Collections, Inc. (AAA) and EMPI turned its claim over to Pinnacle Financial Group, Inc., for collection. Complaint, ¶ 15, 16.

Plaintiff commenced a civil action in state court against the driver of the vehicle on May 10, 2007. Complaint, ¶ 4. During settlement negotiations for that action, "it came to light that [p]laintiff's main treating doctor, Dr. Jeffrey Buckau, was stripped of his medical license based upon findings by the South Dakota Medical Association Board that he was involved in over-treatment of patients." Complaint, ¶ 5. Plaintiff asserts that because of her physician's lack of credibility, she was forced to accept a settlement in the amount of $50,000. Complaint, ¶ 20. Defendants have continued to claim collection and subrogation rights to this settlement payment. Plaintiff then filed this action in state court seeking to extinguish the claims of defendants on the settlement payment. Western Health filed a notice of removal on February 25, 2009. High Plains, RCRH, WRAC, Credico, and AAA have filed written consent to removing the matter to federal court. Plaintiff now moves to remand the matter to state court.

## DISCUSSION

Plaintiff contends that removal of this action was improper as it is not supported by all defendants, thus violating the rule of unanimity. Plaintiff also contends that the Court does not have jurisdiction as there is not complete diversity among the parties,

nor is there a federal question. As a result, plaintiff requests the Court to remand the matter to state court for further proceedings. Western Health argues that a federal question exists which brings this matter within the purview of the Court. Furthermore, Western Health argues that the rule of unanimity does not prohibit removal of the action as this case falls within an exception to the rule.

Section 1441(a) of Title 28 of the United States Code permits the removal of certain actions to federal court. It states in pertinent part,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The United States Supreme Court has held that

> [o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint.

Caterpillar Inc., v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citing Gully v. First National Bank, 299 U.S. 109, 112-13, 57 S. Ct. 96, 97-98, 81 L. Ed. 70 (1936)). However, a "case might still 'arise under' the laws of the United States if

4

a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 13, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983). "'[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court.'" Williams v. Ragnone, 147 F.3d 700, (8th Cir. 1998) (quoting Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996)). "The party opposing remand has the burden of establishing federal subject-matter jurisdiction." Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002) (citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993)). Furthermore, the Court is required "to resolve all doubts about federal jurisdiction in favor of remand." In re Business Men's, 992 F.2d 181, 182 (8th Cir. 1993).

Western Health contends that the Court has jurisdiction over this action because the action deals with an insurance plan covered by the Employee Retirement Income Security Act (ERISA). Western Health argues that plaintiff's state law claims are completely preempted by ERISA and therefore, this matter must be entertained in federal court.

Plaintiff, however, contends that the complaint "does not refer to any provision of the Constitution, treaties or laws fo the United States." Plaintiff's Brief, p. 5. Plaintiff

5

further argues that the complaint does not mention an ERISA plan. Id. Overall, plaintiff argues that defendants are attempting to recharacterize her state claims for the purpose of removal.

"ERISA is a comprehensive statute designed to promote the interests of employees by regulating the creation and administration of employee benefit plans." Hull v. Fallon, 188 F.3d 939, 942 (8th Cir. 1999). The Eighth Circuit has held that "[c]auses of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removeable to federal court despite the fact that the claims are couched in terms of state law." Hull v. Fallon, 188 F.3d at 942 (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)). Section 502(a) of ERISA, found at 29 U.S.C. § 1132, provides in part as follows:

    (a)    Persons empowered to bring a civil action
           A civil action may be brought -
           (1)    by a participant or beneficiary -
                 (A)    for the relief provided for in subsection (c) of this section, or
                 (B)    to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . .
           (3)    by a participant, beneficiary, or fiduciary
                 (A)    to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or
                 (B)    to obtain other appropriate equitable relief
                       (I)    to redress such violations or
                       (ii)    to enforce any provisions of this subchapter of the terms of the plan. . . .

In the instant case, plaintiff is seeking to extinguish Western Health's subrogation rights as established by the insurance plan. Hence, plaintiff's claim necessitates reference to the plan, which is regulated by ERISA. Plaintiff's cause of action is an attempt to clarify her rights and benefits under the plan, and therefore, is within the scope of, and related to, §502(a) of ERISA. As "Congress preempted 'all State laws insofar as they may now or hereafter relate to any employee benefit plan[,]'" the Court finds that plaintiff's claim presents a federal question. Hull, 188 F.3d at 942 (quoting 29 U.S.C. § 1144(a)). See also Aetna Health, Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004).

Plaintiff also contends that the removal of this action is improper because it violates the rule of unanimity. The rule of unanimity provides that "all defendants must join in a notice of removal or the case will be remanded." Marano Enterprises of Kansas v. Z-Teca Restaurants, 254 F.3d 753, 754, n. 2 (8th Cir. 2001). However, "[t]he rule is subject to three well recognized exceptions: 1) when a codefendant has not been served at the time the removal petition is filed; 2) when a codefendant is only a 'nominal' defendant; and 3) when the removed claim is separate and independent under 28 U.S.C. § 1441(c)." Jones v. Kremer, 28 F. Supp. 2d 1112, 1113, n. 2 (D. Minn. 1998) (citations omitted).

7

Western Health contends that the claim against it is separate and independent from the causes of action against the other defendants. Title 28 of the United States Code, section 1441(c) provides that "[whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates."

Here, the state claim against Western Health is preempted by ERISA. Plaintiff's claims against the other defendants does not require reference to the plan for a determination of rights and are not preempted by ERISA. The determination of rights under the plan will not effect the disposition of plaintiff's claims regarding the other defendants. Likewise, the determination of plaintiff's claims against the other defendants will not have any bearing on the disposition of her claim against Western Health. Accordingly, the Court finds that the claim against Western Health is an independent and separate claim which is properly heard in federal court. As a result, the Court concludes that the rule of unanimity is inapplicable to this situation. The Court further determines that it shall retain the entire matter for disposition.

Finally, the Court notes that this matter was originally filed in Hughes County, South Dakota, which is in the Central Division of the District of South Dakota. Title 28

8

of the United States Code, section 1441(a) provides for removal of an action "to the district court of the United States for the district and division embracing the place where such action is pending." Title 28 of the United States Code, section 122(3) places Hughes County in the Central Division of the District of South Dakota. Defendants removed this matter to the Western Division rather than the Central Division. The Court, therefore, shall order the transfer of this matter to the Central Division. See Anderson v. Ames True Temper, Inc., 2009 WL 619383 (E.D. Mo. 2008); Woodforest Bank FSB v. Open Solutions, Inc., 2008 WL 314359 (S.D. Tex. 2008). Accordingly, it is hereby

ORDERED that plaintiff's motion for remand (Docket #17) is denied.

IT IS FURTHER ORDERED that this matter shall be transferred to the Central Division of the District of South Dakota for further proceedings.

Dated this 3rd day of June, 2009.

BY THE COURT:

Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE